# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78511-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| THOMAS MICHAEL JONES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: August 5, 2019 |
| | ) | |

MANN, A.C.J. — As a condition of Thomas Jones's community custody, the trial court prohibited Jones from contacting minor children without the approval of his supervising Community Corrections Officer (CCO). The court also assessed a $200 criminal filing fee against Jones. Jones argues that the community custody condition violates his fundamental right to parent his children because it prohibits his children from visiting him while he is incarcerated and that the criminal filing fee was erroneous. Because the community custody condition does not take effect until after Jones is released from confinement, it does not violate his constitutional rights. We affirm that part of his sentence. But we reverse in part and remand to the trial court to remove the criminal filing fee.

I.

Between 2015 and 2017, Jones sexually abused two minor children numerous times. After the mother of Jones's victims discovered what happened, the State charged Jones with first degree rape of a child and first degree child molestation. Jones pleaded guilty to both charges.

On May 14, 2018, the trial court sentenced Jones. The court denied Jones's request for a Special Sex Offender Sentencing Alternative, RCW 9.94A.670. Instead, the court sentenced Jones to indeterminate sentences of between 140 months and life on count one and between 78 months and life on count two. The court assessed a $200 criminal filing fee against Jones.

The court also sentenced Jones to a lifetime term of community custody upon his release from confinement. The court ordered Jones to "comply with Additional Conditions of Community Custody as set forth in Appendix 4.2." Additional Condition of Community Custody number 4 reads: "Do not initiate or prolong contact with minor children without the presence of an adult who is knowledgeable of the offense and has been approved by the supervising [CCO]."

II.

Jones argues that community custody condition number 4 violates his fundamental right to parent his children. He argues that because the condition is a "crime-related prohibition," it is operable immediately. RCW 9.94A.505(9). He asserts that since he will not be assigned a CCO until he is released from confinement, no CCO will be available to approve his visitations with his minor children while he is confined,

-2-

and therefore the condition actually prohibits any visitation with his children while he is incarcerated. We disagree.[1]

Jones's argument is based on a misreading of his sentence because the condition he takes umbrage with is not operable until his release. Jones's judgment and sentence reads "[t]he term of community custody begins immediately upon release from confinement or at the time of sentencing if no confinement is ordered[,]" and lists condition number 4 as an "additional condition[] of community custody." Since the trial court ordered Jones to be confined, his term of community custody does not begin until his release from confinement. As condition number 4 is a condition of community custody, it necessarily cannot begin to operate before Jones's term of community custody begins. Therefore, condition number 4 does not prohibit visitation between Jones and his minor children while Jones is confined.

### III.

Jones also argues that the trial court erred by assessing a $200 criminal filing fee against him because he is indigent. In light of our Supreme Court's opinion in State v. Ramirez, 191 Wn.2d 732, 426 P.3d 714 (2018), the State concedes that this case should be remanded so the trial court can remove the criminal filing fee. We accept the State's concession.

Jones further argues that since we will be remanding his case due to the filing fee, we should instruct the trial court to clarify that community custody condition number 4 does not begin to operate until his release. See State v. Broadaway, 133 Wn.2d 118,

---

[1] Jones only argues that this provision violates his fundamental right to parent his children during his confinement, and therefore we do not consider whether it may violate his constitutional rights during his term of community custody after he is released.

136, 942 P.2d 363 (1997) ("Where a sentence is insufficiently specific about the period of community placement required by law, remand for amendment of the judgment and sentence to expressly provide for the correct period of community placement is the proper course."). We find such a remand unnecessary where, as here, the judgment and sentence unambiguously provides that Jones's term of community custody, and therefore all of the community custody provisions, does not begin until Jones's release. As Jones's sentence is already clear, no further clarity is necessary.

We affirm in part, reverse in part, and remand this case to the trial court to remove the criminal filing fee.

_Mann, A.C.J._

WE CONCUR: